BENJAMIN C. THAYER, Respondent, *v.* JAMES MARSH, Appellant.

A judgment for plaintiff will not be reversed on appeal because of an omission to aver in the complaint or to prove upon the trial a fact essential to the plaintiff's case, unless the defect was pointed out and is reached by a proper exception taken on the trial.

In an action by the assignee of a mortgage against a grantee of the mortgaged premises upon a covenant in his deed to pay the mortgage, the complaint alleged the execution of the mortgage by P., defendant's grantor, that it was given to secure a part of the purchase-price of the mortgaged premises, and that at the time it was executed P. was the owner in fee. These facts were admitted in the answer. *Held,* that in the absence of a demurrer, or of a motion on the part of defendant to make the complaint more definite and certain, or of any specification of any defect on the trial the complaint might be construed, for the purpose of upholding the judgment, as inferentially averring that the mortgage was given for a debt owing by P., and for which he was personally liable.

At the close of the evidence defendant's counsel moved for judgment without specifying any grounds, or suggesting any point wherein plaintiff's case was defective. The motion was denied and exception taken. *Held,* that the exception was insufficient, that the defect should have been specified.

(Argued November 18, 1878; decided December 3, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury. (Reported below, 11 Hun, 501.)

This action was brought upon a covenant in a deed of certain premises from one Pulver to defendant, by which the

latter assumed and agreed to pay, as part of the purchase-price, a mortgage held by plaintiff upon the premises.

The facts appear sufficiently in the opinion.

*G. Tillotson*, for appellant. The complaint was defective in that it did not allege the personal liability of the covenantee or promisee for the mortgage debt. (*Vrooman* v. *Turner*, 69 N. Y., 280 ; *King* v. *Whitley*, 10 Paige, 465 ; *Trotter* v. *Hughes*, 12 N. Y., 74; *Huyler's Exrs.* v. *Atwood*, 11 C. E. Green [26 N. J. Eq.], 505; *Briscoe* v. *King*, Cro. Jac., 281; *Suffield* v. *Baskervill*, 2 Mod., 36; *Smith* v. *Stewart*, 6 Blackf., 162 ; *Scott* v. *Field*, 7 Watts, 360; *Drummond* v. *Richards*, 2 Mumf., 337; *Salisbury* v. *Phillips*, 10 J. R., 57.) No action for the non-payment of the money could be maintained unless the mortgage contained an express covenant to pay. (*Culver* v. *Sisson*, 3 N. Y., 261; *Briscoe* v. *King*, Cro. Jac., 281; 2 Mod., 36 ; 6 Blackf., 162 ; 7 Watts, 360; 2 Mumf., 337; 10 J. R., 57.) Pulver not having been shown to be personally liable defendant cannot be held under the covenant in the deed. (*Vrooman* v. *Turner*, 69 N. Y., 280.)

*Matthew Hale*, for respondent. Defendant cannot allege on this appeal any omission to prove that Pulver was personally liable to pay the mortgage debt. (*Castle* v. *Duryea*, 32 Barb., 480; *Mallory* v. *Trav. Ins. Co.*, 47 N. Y., 52 ; *Binsse* v. *Wood*, 37 id., 532; *Van Derlip* v. *Keyser*, 68 id., 443.) No other proof of Pulver's liability was necessary than the admission of the pleadings. (*Glenny* v. *Hitchins*, 4 How., 98; *Russell* v. *Clapp*, 7 Barb., 482.) The right of action upon the defendant's covenant passed to plaintiff with the mortgage. (*Oneida Bk.* v. *Ontario Bk.*, 21 N. Y., 490, 498; *Craig* v. *Parks*, 40 id., 181; *Gerwig* v. *Sitterly*, 56 id., 214.) A party who accepts a deed with a provision assuming payment of a mortgage debt, if his grantor is liable personally, is liable to the holder of the mortgage personally in an action at law without resort to a foreclosure. (*Burr*

v. *Beers*, 24 N. Y., 178; *Thorp* v. *Keokuk Coal Co.*, 47 Barb., 439; *Hartley* v. *Harrison*, 24 N. Y., 172.)

ANDREWS, J.    It is conceded that the clause in the deed from Pulver to the defendant, that the conveyance was subject to the payment by the grantor of the mortgage in question, and that the grantee assumed the payment thereof, as a part of the purchase-money, authorizes the plaintiff, as assignee of the mortgage, to maintain this action, provided Pulver was himself personally bound to pay the mortgage. (*Burr* v. *Beers*, 24 N. Y., 178 ; *Trotter* v. *Hughes*, 12 id., 74; *Vrooman* v. *Turner*, 69 id., 280.)

The point now taken, and which is the only one upon which the defendant relies for the reversal of the judgment, is that Pulver's liability to pay the mortgage was neither averred in the complaint nor proved upon the trial. It is doubtless true that the existence of such liability was an essential part of the plaintiff's case to be affirmatively established, either by an admission in the pleadings or by proof upon the trial.    But it is also true that if the case made by the plaintiff was defective upon this point, the judgment will not be reversed, unless the defect was pointed out, and is reached by a proper exception taken upon the trial.    It is a salutary rule which requires a party to take his ground, when he has an opportunity to object, so that the other party shall not be misled by his silence ; and he is not allowed to spring an objection for the first time, after the trial has been concluded, and after the opportunity is passed for his adversary to make additional proof, whereby the objection might have been obviated.    (*Binsse* v. *Wood*, 37 N. Y., 532; *Mallory* v. *Travelers' Ins. Co.*, 47 id., 52; *Van Derlip* v. *Keyser*, 68 id., 443.)

In this case, the defendant at the close of the evidence, as the appeal book states, "moved for judgment ;" and the motion having been denied, he excepted ; and it is under this exception, if any, that the point now taken, that there was no proof of Pulver's liability to pay the mortgage debt,

is presented. There was no specification of any ground upon which the motion was made, and no suggestion of the point wherein the plaintiff's case was defective. It is claimed that not only was there no proof of Pulver's liability made on the trial, but that this fact was not averred in the complaint. It is obvious, however, assuming that the complaint was defective in the respect stated, it was within the power of the court to have allowed an amendment; and as such an amendment would, under the circumstances, have been in furtherance of justice, it is probable that if the objection had been specified, the plaintiff would have been permitted to amend his pleading and to prove, if he was able, the fact of Pulver's liability.

But we think that the complaint may be construed as inferentially averring the fact that the mortgage was given for a debt owing by Pulver. It alleges the execution by Pulver of the mortgage; that it was given to secure a part of the purchase-price of the mortgaged premises; and that Pulver was, at the time the mortgage was executed, the owner in fee. The natural inference from an averment that A. gave to B. a mortgage to secure a part of the purchase-price of land, conveyed to him by the mortgagee, is that a debt for the purchase-money had been created between the parties to the transaction, which is in part secured by the mortgage. It is true that this is not a necessary inference from the statement, as it may, and sometimes does occur that the vendor of land, on being paid part of the purchase-money, takes a mortgage as his sole security for the balance of the purchase-price, and looks to the land alone for its payment.

But the point here is, can it be said, in the absence of any demurrer on the part of the defendant, or any motion to make the complaint more definite and certain, or of any specification of any defect on the trial, that the facts averred in the complaint, and which are admitted in the answer, do not justify, for the purpose of upholding the judgment, an inference (doubtless in conformity with the fact) that the mortgagor was

personally liable for the mortgage debt. This, under the circumstances, would, we think, be too strict a construction.

The defendant in his answer admits all the allegations in the complaint, except the allegation that he agreed to pay the Pulver mortgage; and his defense to the action is put solely upon the ground that the assumption clause in his deed from Pulver was inserted through mistake, inadvertence or fraud.

We think the judgment should be affirmed. To entertain the objection now made would be unjust to the plaintiff, and is not, we think, required by the rules of law.

All concur, except CHURCH, Ch. J., absent, and HAND, J., of counsel not voting.

Judgment affirmed.