MARY C. LANGLEY, Respondent, *v.* RICHARD WADSWORTH, Executor, etc., Appellant.

In an action upon a promissory note the answer was a general denial. Plaintiff gave evidence on the trial sufficient to establish *prima facie* the execution of the note by the alleged maker. Defendant gave in evidence certain letters written by plaintiff to the maker, and at the close of the case asked the court "to direct a verdict for defendant in view of those letters." The request was denied. Upon appeal, defendant sought to sustain his exception to the ruling on the ground that the letters "showed the note to be without consideration." *Held*, that defendant, to avail himself of this point, should have called the attention of the trial court to it, and, having failed to do so, could not raise it on appeal.

So far as the cross-examination of a witness relates to facts in issue, or relevant facts, it may be pursued by counsel as matter of right, but when the object is to test the accuracy or credibility of the witness, its method and duration are subject to the discretion of the court, and the exercise of this discretion, unless it is abused, is not the subject of review.

(Argued March 23, 1885 ; decided April 14, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made October 13, 1883, which denied a motion for a new trial, and directed judgment on a verdict.

The nature of the action and the material facts are stated in the opinion.

*Adelbert Moot* for appellant. A bill or note as between immediate parties would not be enforced if given for past cohabitation, because not founded upon a consideration. (1 Daniels on Neg. Inst., § 195.) If Wadsworth had made and given this note to plaintiff, as a gift, she could not recover upon it, unless it was based upon a valuable consideration. (*Noble* v. *Smith*, 2 Johns. 52 ; *Fink* v. *Cox*, 18 id. 145 ; *Pearson* v. *Pearson*, 7 id. 26 ; *Halliday* v. *Atkinson*, 5 B. & Gess. 501 ; *Harris* v. *Clark*, 3 N. Y. 93.) Where the evidence all shows want of consideration beyond all reasonable doubt a mere *prima facie* presumption alone will not sustain the verdict of a jury.

(Daniels, § 164, p. 17; 1 Daniels on Neg. Inst. [3d L. ed.], § 164.)

*Henry F. Allen* for respondent. A general request to direct a verdict and exception does not bring up the question that the note was without consideration. The point should have been distinctly made. (*Thayer* v. *Marsh,* 75 N. Y. 340.) The ability and qualifications, as an expert, of the witness Leland were proper subjects of inquiry before the jury. (Rogers on Ex. Test. 52.) The question as to whether the handwriting indicated that the note was written by a .male or female is within the range of the questions permitted to be asked of an expert in handwriting. (Rogers on Ex. Test., § 132.) Subject to the limitation that the cross-examination should relate to matters pertinent to the issue, or which tend to discredit the witness, its range and extent is within the discretion of the trial court. (*People, ex rel.* v. *Oyer and Terminer, etc.,* 83 N. Y. 438; *Garfield* v. *Kirk,* 65 Barb. 464; *Donity* v. *Russell,* 7 Bosw. 539; *Rock* v. *Meiner,* 2 J. & S. 158.) Hypothetical questions must be based on facts admitted or established by the evidence, or which, if controverted, the jury might legitimately find. (*People* v. *Augsbury,* 20 Week. Dig. 307.) The allowance of abstract hypothetical questions upon cross-examination rests in the discretion of the court. (*People* v. *Augsbury,* 20 Week. Dig. 307.)

DANFORTH, J. The complaint stated a good cause of action in favor of a payee and holder against the maker of a promissory note. The answer was a general denial. Upon the trial it was assumed by both parties that the plaintiff when she rested had given evidence, which, unless disproved, would justify a verdict in her favor, and the defendant took the burden. With other evidence he introduced letters written by the plaintiff to the testator — the alleged maker of the note — and at the close of the case asked the court " to direct a verdict for the defendant in view of these letters." The court declined to do so, and the exception then taken is now placed upon the ground " that they

showed the note to be without consideration." If so, and the defendant relied upon that fact, the attention of the court should have been called to it. (*Thayer* v. *Marsh,* 75 N. Y. 340.) Had it been, other evidence might have been permitted from the plaintiff. She was not called upon to give it in the first instance. The form of the note, its possession and proof of genuineness, made for her a *prima facie* right of action.

But we think it quite apparent that the letters referred to were not introduced for the purpose contended for, but rather to show that the note was in fact spurious. We see from the record that all the evidence was directed to that issue. But, however that may be, we can find nothing in the letters themselves nor in the argument of the learned counsel for the appellant which would require a trial court to dispose of it as matter of law. The question was for the jury, and was submitted to them in a manner satisfactory to the defendant. Their verdict has been approved by the trial judge and by the General Term. We think the exception was not well taken. Nor do we find any error in regard to evidence. So far as the cross-examination of a witness relates either to facts in issue or relevant facts, it may be pursued by counsel as matter of right; but when its object is to ascertain the accuracy or credibility of a witness, its method and duration are subject to the discretion of the trial judge, and unless abused, its exercise is not the subject of review; nor can the witness be cross-examined as to any facts, which, if admitted, would be collateral and wholly irrelevant to the matter in issue, and which would in no way affect his credit. The exception presented comes within one or both of the last two conditions. The issue was upon handwriting. The witness N., as an expert, had testified to his belief in its genuineness. It was not suggested that he lacked skill or experience in that matter, nor that both were not sufficient to entitle him to be considered an expert. He had testified that "it was represented to him that the party was ill when it" (the note) "was written," and that he examined the signature upon that hypothesis. His attention was called to two signatures, and he said: "I accounted for the differences in the two by the

fact that the man was not in good health." One signature was on the note in suit, the other on a check, and on cross-examination concerning the latter he says: " I find no evidence of tremulousness," and as to the other he saw " a great dissimilarity," adding, " can only account for it by the health of the man," speaking of it, not as a fact perceived by or known to him, but obviously as on his direct examination — of something represented to him. Then came questions which were excluded. By the first the witness was in substance told to assume that the alleged writer did just about the time of the supposed writing take a certain described walk " carrying quite a large satchel," and was then asked " what do you say about his being in such condition as not to be able to write his name ?" and by the second to assume that " the man had simply the asthma or a difficulty of breathing," and declare whether " that would account for the difference in his signature." The first question suggests no fact on which an opinion upon any issue before the court could properly be based, but if it did, it was for the jury and not the witness who had no better or other information concerning its effect than they had, and the second involved an inquiry disconnected from any matter to which the witness had spoken. He had attributed no disease to the writer — did not pretend to have known or ever to have seen him, but had acted upon the representation that he was " ill ;" and while it is possible to imagine that the scheme of cross-examination was so extensive as to embrace every known disorder, the witness had asserted no skill as to any, but only knowledge common to every one — that illness does sometimes so affect the nerves and muscles of a man, as to diminish his strength and induce tremulousness. He spoke of this condition as concomitant with illness, and not as an effect of any particular disease. It would have been pertinent to ask by whom the representation on which the witness relied was made, or what opportunity he had of seeing signatures written under such supposed condition. The questions asked were pointless. The facts to which they were directed were irrelevant to the matter in issue, and, however answered, would not have affected the credit

due the witness.   No other point is made, and we think the appeal fails.

The judgment should, therefore, be affirmed.

All concur, except ANDREWS, J., absent.

Judgment affirmed.