(39 Misc. Rep. 397.)

### FAVILLE v. HADCOCK et al.

(Supreme Court, Special Term, Fulton County. December, 1902.)

1. MECHANIC'S LIEN—FORECLOSURE—EQUITABLE RELIEF.

   Plaintiff's complaint claimed a lien against certain property, in which lien one of the defendants was claimed to be owner. The complaint alleged that in fact the other defendant was the owner when the work was done and the lien filed, of which the plaintiff had no knowledge, and asked that the lien be held an incumbrance on the interest of such other defendant, and be foreclosed. *Held* to state a cause of action in equity only as seeking special relief against the defective notice of lien.

2. COSTS.

   Code Civ. Proc. § 3228, subd. 4, refusing costs to plaintiff in certain actions where his complaint demands judgment for a sum of money only, and he recovers less than $50, does not apply to an action seeking to enforce a mechanic's lien, and for special relief against a defective notice of lien.

Action by Welcome Faville against Martha Hadcock and Morgan L. Hadcock. Judgment for plaintiff. Motion to set it aside, and permit defendants to come in and defend. Denied.

Horton D. Wright, for motion.
Frank Talbot, opposed.

SPENCER, J. The action is to foreclose a mechanic's lien. The summons and complaint were served personally on both defendants, and they have purposely made default. Judgment being taken against them with costs, they now, without presenting any excuse for not appearing at the proper time, ask to be permitted to come in and offset against the plaintiff's demand, a small claim for damages because of the unworkmanlike manner in which plaintiff's services were performed. All the facts pertaining to such offset were fully known to them at the time the summons and complaint were served, and to allow them now to make such defense would not be in furtherance of justice. Furthermore, it could only be upon terms involving an expense to them more than double the amount of the damages of which by their proposed answer they would be entitled to give proof. Under these circumstances, it is difficult to perceive how they are to be benefited by being permitted to litigate the issue which they tender. The application to set aside the judgment, and let defendants in to defend, is therefore denied.

The question as to costs is not so clear. Chapter 419 of the Laws of 1897, supplemental to the Code of Civil Procedure, and constituting sections 3398 to 3419 thereof, prescribes proceedings for the enforcement of mechanics' liens on real property. It provides that a lien may be enforced against the property, and against a person liable for the debt, by an action in a court which has jurisdiction in an action founded on a contract for a sum of money equivalent to the amount of the debt. Code Civ. Proc. § 3399. This, beyond question, authorizes an action in justice's court, where the amount of the debt upon which the lien is founded does not exceed $200. But there is nothing to prevent such action being brought in this court, however small the debt, and any attempt to limit such juris-

diction would be invalid. People v. Nichols, 79 N. Y. 582. But the legislature has the power to accomplish practically such a limitation, and it has so done in certain actions, by refusing costs to a plaintiff where his complaint demands judgment for a sum of money only, and he recovers less than $50, and by granting costs in such case to the defendant. Code Civ. Proc. § 3228, subd. 4; Id. § 3229. But do these sections apply here? A provision in the supplemental chapter above referred to seems to indicate otherwise. It provides as follows:

"If an action is brought to enforce a mechanic's lien against real property in a court of record, the costs and disbursements shall rest in the discretion of the court, and may be awarded to the prevailing party. If such action is brought in a court not of record, they shall be the same as allowed in civil actions in such court." Code, § 3411.

The statute of which the section quoted forms a part provides two distinct remedies,—one for the foreclosure of a lien in an action in equity in courts of record, and one for debt in an action at law upon the agreement set forth in the notice of lien in courts not of record. The latter form of action may, no doubt, be brought in this court, because of its general jurisdiction; and where this is done, and the complaint demands judgment for a sum of money only, as in an action at law, there is no doubt that the provisions of sections 3228 and 3229 should apply, and regulate the award of costs. It also seems that, under the provisions of the statute referred to, the lienor is at liberty to bring his foreclosure action in this court, however small his claim, without subjecting himself to the provisions of sections 3228 and 3229 in respect to costs. Such an action is a suit in equity. Kenney v. Apgar, 93 N. Y. 539; Cement Co. v. Arnott, 152 N. Y. 584, 46 N. E. 956.

But that question need not be determined here, as the action is not for debt upon the agreement set forth in the lien, nor is it solely for a foreclosure of such lien, nor does the complaint demand judgment for a sum of money only. On the contrary, the complaint sets forth a mechanic's lien against certain specified real property, in which the defendant Morgan L. Hadcock is described as owner, and alleges, in substance, that such was the ownership of the real property, so far as the same was known to the plaintiff at the time he filed his notice of lien; that, in truth and fact, the defendant Martha Hadcock was the owner of said property at the time the work thereon was performed and the notice of lien filed,—and asks to have said lien adjudged an incumbrance upon her interest therein, and that such lien be foreclosed, her interest sold, and the money brought into court for distribution, etc. The complaint thus goes beyond a simple suit of foreclosure, and seeks special relief in regard to the defective notice. The plaintiff, on account of such defective notice, was not at liberty to enforce his lien in an action for debt in justice's court. He was therefore compelled to bring his action in equity, and justices' courts have no jurisdiction of equitable actions. In Coon v. Brook, 21 Barb. 546, this court said:

"The respondent's counsel insists that the authority conferred on justices of the peace, to try and determine actions, according to law and equity, gives

them jurisdiction to try equitable actions. This position is erroneous. Although courts of justices of the peace have some of the powers which are possessed by courts of record, no decision can be found holding that such courts can try purely equitable actions of any kind."

This decision was rendered in 1856, and to the present time I find no decision to the contrary. Neither is there anything in chapter 419, Laws 1897, to which reference has been made, to indicate any attempt to confer such jurisdiction in lien cases. The act makes a clear distinction between actions brought in courts of record and those brought in courts not of record. In the former court all the parties in interest, including not only those having incumbrances by way of mechanics' liens, but by judgment, mortgage, or otherwise, are required to be made parties. The court must adjust and determine the equities of all the parties, and also the order of priority of the different liens. In short, the form of the action, the enforcement of the judgment by foreclosing the rights of the parties, the awarding of a deficiency judgment against persons liable for the debt, and all the proceedings, are in all respects the same as in the foreclosure of a mortgage in courts of equity. But in courts not of record no such proceedings are had. The action proceeds as a personal one upon the agreement set forth in the notice of lien. There is no provision for the adjustment of equities among other lienors and incumbrancers, if any should exist, and the judgment is enforced by execution in the same manner, and subject to the same limitations and restrictions, as judgments in actions at law, except that the sale is of the interest of the owner at the time of the filing of the lien, and not from the entry of the judgment. Strictly speaking, it is an action at law, and in no sense an action in equity. The remedy afforded to the lienor falls far short of that available to him in an action in courts of record. I am therefore of the opinion that the provisions of section 3228, subd. 4, of the Code, in respect to costs, do not apply.

These views lead to a denial of the defendants' application, but as the amount involved is small, and some of the questions involved are of a novel character, costs of the motion will not be allowed.

Motion denied, without costs.