(45 Misc. Rep. 625)

CONROY v. BOECK.

(Supreme Court, Appellate Term. December 7, 1904.)

1. ACCOUNT—ACTION BY ASSIGNEE—PRODUCTION OF ASSIGNOR'S BOOKS—APPEAL—OBJECTIONS NOT RAISED BELOW.
   In an action on an account by the assignee thereof, where no reasons were suggested at the trial for the use of the books of the assignor which were not covered by plaintiff's admissions on the record, defendant cannot claim on review that he was improperly denied the use of such books.

2. SAME—PROOF OF ASSIGNMENT—REVIEW.
   In an action by the assignee of a cause of action, the objection that there was no proof of the assignment cannot be raised for the first time on appeal.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action for goods sold by Fred L. Conroy against J. Edward Boeck. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and GIL-DERSLEEVE, JJ.

Jacob Marx, for appellant.

Franklin Bien, for respondent.

BISCHOFF, J.  The action was for certain goods sold to and work done at the request of the defendant by Smith & Co., the plaintiff's assignor, and the defense proceeded upon an alleged agreement that the value of the goods and the work was to be charged to the defendant's commission account with Smith & Co., by whom he was employed as salesman; the answer alleging an excess of commissions over the amount in suit. This defense was open to the construction that it involved a set-off, and, in this aspect, proof that the whole claim to commissions was in suit in an action brought by an assignee of the defendant prior to the commencement of this action was relevant. The defendant's objection to the evidence was not sufficiently specific to present error upon the grounds now urged.

Upon the merits, we find no sufficient ground for disturbing the justice's conclusion that the goods and work in suit were subject to no agreement whereby payment was to be deferred to the adjustment of the commission account. The issue was presented upon a conflict of testimony, and the better credibility was by no means necessarily with the defendant, upon whom rested the burden of proof.

The contention that the defendant was improperly denied the right to use the books of the plaintiff's assignor, Smith & Co., overlooks the fact that no ground was suggested at the trial for the use of these books which was not covered by plaintiff's admission upon the record, and it is too late to raise other points now.

The defendant calls attention to the omission of proof of the assignment of the cause of action to the plaintiff, but here, again, the defect is specified for the first time on appeal; not being brought to the attention of the trial court by the general motion to dismiss the complaint. Thayer v. Marsh, 75 N. Y. 340. Moreover, the assignment is marked as an exhibit and annexed to the return, presumably because it was offered at the trial. If not, the appellant should have caused the return to be corrected.

The points raised do not call for a new trial, and the judgment is therefore affirmed, with costs. All concur.