JAMES GILMOUR, Respondent, *v.* ALICE B. COLCORD, Appellant, et al., Respondents, Impleaded with Others.

1. LIENS — WHEN PERSONAL JUDGMENT IMPROPER IN ACTION FOR FORECLOSURE OF MECHANIC'S LIEN. While, in an action to foreclose a mechanic's lien, a personal or money judgment is proper as against the owner or contractor who has promised to pay the consideration for the work and labor, there is no basis for such a judgment against a subsequent grantee who has made no such promise nor assumed the obligation of the grantor.

2. NOTICE OF LIEN, WHEN SUFFICIENT. A statement in a notice of lien that "the labor performed or to be performed is plumbing and gas fitting, and the materials furnished or to be furnished, and the agreed

price or value thereof is iron, lead and brass pipe and fittings and cast-
ings, baths, sinks, basins, tubs, closets and other sanitary materials at the
contract price of $7,300.00," constitutes a sufficient description of the
nature of the work and character of the materials, and is in compliance
in all respects with the provisions of the statute.

3. APPEAL — WHEN FINDING OF TRIAL COURT NOT REVIEWABLE
UNDER GENERAL EXCEPTION. Where, in such an action, there is no
specific exception to a finding of the trial court that the notice of lien
was filed and complied in all respects with the provisions of the law, a
general exception is not available to raise on appeal the question of the
correctness of the finding.

4. SAME — POWER OF COURT OF APPEALS TO CORRECT JUDGMENT —
CODE CIV. PRO. § 1337. Where the Appellate Division has struck out of
the judgment of the trial court, in such an action, a provision to which
the plaintiff was entitled adjudging a lien in his favor and substituted a
provision for a personal judgment to which he was not entitled, the
Court of Appeals has power on appeal, under the provisions of section
1337 of the Code of Civil Procedure, to correct the judgment by striking
out the improper provision and restoring the original one.

*Gilmour* v. *Colcord*, 96 App. Div. 358, modified.

(Argued December 7, 1905; decided January 9, 1906.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered July
23, 1904, modifying and affirming as modified a judgment of
Special Term in favor of plaintiff and defendant respondents
in an action to foreclose certain mechanics' liens.

The facts, so far as material, are stated in the opinion.

*George W. Weiffenbach* for appellant. The judgment can-
not be sustained on the ground of fraud. (*Morris* v. *Talcott*,
96 N. Y. 100; *Roberts* v. *Buckley*, 145 N. Y. 215; *Delaney*
v. *Valentine*, 154 N. Y. 692; *Dodge* v. *McKechnie*, 156
N. Y. 514; *Van Hesse* v. *MacKaye*, 136 N. Y. 113; *Schultz*
v. *Hoagland*, 85 N. Y. 464; *Bernheimer* v. *Rindskopf*, 116
N. Y. 428; *Maas* v. *Falk*, 146 N. Y. 39; *Starin* v. *Kelly*,
88 N. Y. 148; *Dudley* v. *Danforth*, 61 N. Y. 626.)

*Henry W. Bookstaver* and *Algernon S. Norton* for respond-
ent. The personal judgment in favor of the plaintiff was
correctly allowed. (*B. & C. Co.* v. *Pacheteau*, 175 N. Y.
492; Code Civ. Pro. § 3412.)

*James W. McElhinney* for Howard White et al., defendants respondents. The evidence is sufficient to sustain the finding of the court that Mrs. Colcord was not a purchaser in good faith, and, if so, the conveyance to her does not bar the lien. (*Greenwald v. Wales*, 174 N. Y. 140; *Linneman v. Bieber*, 85 Hun, 477; *N. Y. L. Co.* v. *Merritt*, 5 App. Div. 87.)

*Henry M. Brigham* for Goetz Manufacturing Company, defendant respondent.

O'BRIEN, J. The plaintiff is the assignee of a claim and mechanic's lien filed by a building contractor under a contract made by him with one Christian Blinn. Blinn was the owner of the property and made the contract with the plaintiff's assignor for the material and labor constituting the plumbing work of the building. Numerous parties were made defendants in the action. Some of them made default and others answered, and the issues in the case were decided at the trial in favor of the plaintiff. None of the parties to the action have appealed from the judgment of the court below except the defendant Alice B. Colcord, so that the only questions in the case with which we are concerned are questions arising between the plaintiff and this single defendant.

Mrs. Colcord defended the action, mainly upon the ground that she purchased the premises through conveyances from Christian Blinn, her brother, before she had any notice of the plaintiff's claim, or that of his assignor. But the trial court held that the various conveyances under which she claimed title free from the mechanic's lien were fraudulent and void; that they were made by connivance between Mrs. Colcord and her brother to hinder, delay and defraud his creditors. The principal question argued by her counsel upon this appeal is that the finding referred to is not only contrary to the evidence, but without any evidence at all to sustain it. We think that this contention cannot be sustained. The record contains a mass of proof from which the inference

is fairly deducible that the conveyances were for the fraudu-
lent purposes stated in the decision of the trial court. So we
will pass that question as having been settled by the proofs
and findings at the trial.

There is another question in the case that does not appear
to have received much attention by way of argument by the
learned counsel for the appellant, though there is a statement
in his brief which covers it. The judgment at the trial was
for the foreclosure of the lien and the sale of the property in
the usual way. The learned Appellate Division struck out
that provision of the judgment which adjudged a lien in
favor of the plaintiff and inserted a provision that a personal
judgment should be rendered against the defendant Mrs. Col-
cord. We do not think that a personal or money judgment
against her was authorized under the circumstances of the
case. Such a judgment, in an action to foreclose a mechanic's
lien, is proper as against the owner or contractor who has
promised to pay the consideration for the work and labor.
But the defendant was a subsequent grantee who had made
no promise in any form to pay for the labor and materials
used in plumbing the house. Nor had she assumed her
brother's obligation in that respect. So there was no basis
whatever for a personal judgment against her.

The judgment of the learned trial court in directing a fore-
closure of the lien and a sale of the property under it was,
therefore, correct. The only reason that I can discover for
making this change in the form of the judgment is contained
in a sentence of the opinion of the learned court below, and
from that I infer it was supposed that the notice of lien was
not sufficient to affect the title to the property. In this I
think the learned court was mistaken. There have been some
recent decisions in this court in regard to the validity of
mechanics' liens under the statute. (*Toop* v. *Smith*, 181
N. Y. 283; *Mahley* v. *German Bank of Buffalo*, 174 N. Y.
499.) But nothing was decided that would warrant the court
in holding that the notice of lien in the present case was
defective. It will be seen that in the case last decided and

here cited the defects related entirely to the want of a sufficient description in the notice of the nature of the work or the character of the materials. The notice in the present case seems to me to be entirely free from that objection and to be in compliance in all respects with the provisions of the statute. The labor and materials used in the work are described in the following words:

" The labor performed or to be performed is plumbing and gas fitting, and the materials furnished or to be furnished and the agreed price or value thereof is iron, lead and brass pipe and fittings and castings, baths, sinks, basins, tubs, closets and other sanitary materials at the contract price of $7,300.00."

It is alleged in the complaint that the notice of lien was filed in compliance with the provisions of the statute. This allegation was denied in the answer, but the trial court found that it was filed and complied in all respects with the provisions of the law. There was no specific exception to this part of the decision of the court. The record contains nothing but a general exception, which was not available to raise any question of this kind on appeal. (*Ross* v. *Caywood*, 162 N. Y. 259; *Gerding* v. *Haskin*, 141 N. Y. 514, 520; *Booth* v. *Bunce*, 31 N. Y. 246; *Binsse* v. *Wood*, 37 N. Y. 526; *Thayer* v. *Marsh*, 75 N. Y. 340; *Sterrett* v. *Third Natl. Bank of Buffalo*, 122 N. Y. 659; *Quinlan* v. *Welch*, 141 N. Y. 158.)

So that the condition of the case, as it now stands, is this: The learned Appellate Division struck out of the judgment a provision to which the plaintiff was entitled, and has substituted in its place another provision to which he was not entitled. I think that this court has power to correct the judgment in this respect by striking out the provision for a personal judgment and restoring the provision for the foreclosure of the lien. The statute provides that " in any action on an appeal to the Court of Appeals, the court may either modify or affirm the judgment or order appealed from, award a new trial, or grant to either party such judgment as such party may be entitled to." (Code of Civil Procedure, § 1337.)

The appealing defendant now objects to the personal judgment against her, but it was a substitute for the judgment of the trial court, which directed a sale under the lien. To strike out the provision authorizing a personal judgment without restoring the original provision would leave the case without any judgment at all, and such a situation, we think, was not contemplated by the Code, or by any recognized rule of practice.

The judgment should, therefore, be modified by striking out the provision for a personal judgment, so far as it affects Mrs. Colcord, and restoring the original provision adjudging the lien and sale thereunder, without costs to either party in this court.

CULLEN, Ch. J., GRAY, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Judgment accordingly.