MILLER et al. v. ISEAR et al.

(Supreme Court, Appellate Term.   June 28, 1906.)

1. MECHANICS' LIENS—TERMS OF CONTRACT—EVIDENCE.
    Where, in an action to foreclose a mechanic's lien, plaintiff testified that the contract called for the use of brown stone, and the only evidence tending to show that any other kind of stone was required consisted of cross-examination showing that there had been some talk about blue stone, and evidence by defendant that he ordered some one to write a letter about blue stone, a finding that the contract called for blue stone was not supported by the evidence.

2. APPEAL—QUESTIONS REVIEWABLE—OBJECTIONS NOT RAISED BELOW.
    An objection not raised at the trial cannot be considered on appeal.

Appeal from City Court of New York, Trial Term.

Action by Thompson W. Miller and another against Meyer Isear and others. From a judgment dismissing the complaint, plaintiffs appeal. Reversed and remanded.

Argued before GILDERSLEEVE, LEVENTRITT, and Mc-CALL, JJ.

William F. Walsh, for appellants.
Denis A. Spelissy, for respondent Isear.
Abraham Goldfarb, for respondent Ganz.
Dudley R. Horton, for respondent Hannes.

McCALL, J.   This action is brought to foreclose a mechanic's lien. The plaintiff alleges the making of a contract with the defendant Isear to supply and set stone in a certain building in this city, including the supplying and setting of stone in stoop of said building, and that said

defendant agreed to pay therefor the sum of $175. The complaint further alleges the completion of the work, the filing of a mechanic's lien within the proper limit of time, the filing and approval of a bond, with the defendants Hannes and Ganz as sureties on same, and an order of this court, predicated on said bond, discharging and canceling the lien. The contract as alleged is not denied by the defendants, but payment of the amount asserted by the plaintiff to be due is sought to be avoided by the allegation that the stone and material furnished and the work performed were not in accordance with the terms of the contract entered into by the parties. Upon the trial of the action the defendants offered no proof and rested on plaintiff's case. The only proof adduced as to the terms of the contract, which we must assume from the record was an oral one, was that given by the witness Scanlon, who swears:

"I had a conversation with Mr. Isear about the job, and we agreed on a price to put in a brown stone stoop and coping for $175. To put in brown stone and coping on the job in Fourteenth street the price was $175. I think I saw him three times, and this agreement which I speak of was the result of these interviews."

No matter what may be said as to the character of such proof, it was admitted, without objection, and it is all the proof that is in the case as to what kind of stone the contract called for. The cross-examination did elicit that there was some talk about blue stone, and this, together with the statement of witness Isear that he ordered some one to write a letter about blue stone, is of no force whatever, in the light of the plain, unequivocal statement of what the contract was, the testimony as to which stands wholly unrefuted. Upon such a record the findings of the learned trial justice that the contract called upon plaintiff to supply and set up blue stone, etc., and that the plaintiff failed to comply with said contract, cannot be sustained, and the judgment based on same must be reversed. The lien sought to be foreclosed is a valid one. Gilmour v. Colcord, 183 N. Y. 342, 76 N. E. 273.

On the contention that the complaint does not allege that permission to sue the bondsmen had been obtained, and hence no judgment can be entered thereon, it is sufficient to say that this question was not raised on the trial and cannot be availed of on appeal.

Judgment and order reversed, and new trial granted, with costs to appellants to abide the event. All concur.