Benedict, J.
This is an action to foreclose a mechanic’s lien on real property. It has been held in the opinion previously rendered that plaintiff was not entitled to a judgment for the foreclosure of its lien, *347 but was entitled, pursuant to section 54 of the Lien Law, to a personal judgment for $100 against the defendant Bisgeier. The question then arises whether plaintiff may have costs. Under section 53 of the Lien Law, in an action in a court of record to enforce a mechanic’s lien against real property, costs are in the discretion of the court and may be awarded to the prevailing party, and it has been said that the successful plaintiff might be awarded costs irrespective of the amount of his claim, and that the provisions of sections 3228 and 3229 of the Civil Code did not apply, as the lienor had an absolute right to commence his action for foreclosure in a court of record, and need not resort to the more limited jurisdiction of a justice’s court. Faville v. Hadcock, 39 Misc. Rep. 397. If this be the true rule, and I think it is, plaintiff might have been awarded costs if it had established its lien for $100, notwithstanding the provisions of subdivision 5 of section 3228 of the Civil Code. Does the same rule apply where plaintiff does not establish its lien, but recovers only a personal judgment for less than $500 upon a claim which might have been the subject of an action in the Municipal Court? I think that in such a case the rules applicable to an action at law should govern. The Court of Appeals has recently held that where the plaintiff, in an action to foreclose a mechanic’s lien, demands a money judgment as alternative relief, the defendant is entitled to a jury trial of that issue. Di Menna v. Cooper & Evans Co., 220 N. Y. 391. And by analogy the rule of costs should be the same as if the action had been originally commenced for a money judgment. Costs cannot, therefore, be awarded to the plaintiff.
The defendant Brooldyn Builders’ Supply Company, whose lien is established for upwards of $400, is awarded taxable costs in addition to its lien. Assum *348 ing that said defendant might have sued in the County Court of Kings county to enforce its lien, its position is different from that of plaintiff, since it had no voice in the selection of the forum, and not being the plaintiff in the action, subdivision 5 of section 3228 of the Civil Code does not apply to it.
Judgment accordingly.