Fred J. Munder, J.
This is an appeal from a judgment of the Justice’s Court of the Town of Huntington, dismissing the plaintiff’s complaint upon a demurrer interposed by the defendant.
The complaint alleged the performance of work and furnishing of materials by plaintiff in the improvement of certain real property acquired by the defendant after such work and materials were supplied and after the notice of lien had been filed. It alleged a contract not with the defendant but with his predecessor in title. The plaintiff seeks to impose a contractual liability on the defendant because of his acquisition of the land ' ‘ with knowledge of the existence of said lien against the * * * premises ”.
The plaintiff brought his action under section 46 of the Lien Law which, to some extent, permits the enforcement of a mechanic’s lien in a court not of record. It provides that the action shall be commenced by the personal service upon the owner of a summons and verified complaint. If a judgment is obtained the notice of lien is given effect by permitting the sale of the premises on execution as of the date of the filing of the notice of lien.
Section 46 does not authorize service on other lienors or encumbrancers. It is not an equitable action. It is an action at law and must be based upon a contractual liability of the defendant.
Where title has passed from the one who incurred the contractual liability and the lienor wishes to predicate his action on the security of his lien, he must pursue his remedy in a court of record with equitable powers. Should he seek his remedy in a court not of record under section 46 of the Lien Law he may sue only the obligor on the contract. Taking title to land subject to a lien, even with full knowledge thereof, does not create or amount to an assumption of personal contractual liability. (See Gilmour v. Colcord, 183 N. Y. 342; Faville v. Hadcock, 39 Misc. 397; Bowerman v. Stahl, 92 N. Y. S. 2d 842.)
The judgment herein is affirmed.