Richard J. Sherman, J.
Plaintiff caused to be filed a mechanic’s lien in the Saratoga County Clerk’s office on September 12, 1955. The notice of lien stated that the owner of the premises was Walter Swidunovich and Pauline Swidunovich and named Olga Kracko as the person with whom the contract for improvements was made.
An action was commenced by plaintiff against all defendants to foreclose said mechanic’s lien by service of a summons and complaint on all defendants on or about April 2,1956.
Issue was joined in said action January 7,1957, by the service of defendants’ answer interposing the defense of nonperformance of contract.
Defendants counterclaimed for breach of contract and plaintiff served a reply thereto February 20, 1957.
Defendants caused a verified bill of particulars to be served on plaintiff February 20, 1957.
A trial was had before Hon. Richard J. Sherman, Saratoga County Judge, without a jury on June 30, 1958.
A decision in writing was handed down December 23, 1960 (27 Mise 2d 920).
An order was entered in the Saratoga County Clerk’s office December 30,1960, which:
a. Dismissed the counterclaim of all defendants;
b. Established a lien for $2,050, together with costs and dis-, bursements on the interest of all defendants in the property described in the mechanic’s lien filed September 12, 1955;
c. Foreclosed all defendants of all interest in said premises;
d. Awarded costs and disbursements to plaintiff against all defendants and an extra allowance of $102.50;
e. Directed a sale of such interest for the payment of said lien;
f. Directed judgment against all defendants for any deficiency resulting after the application of such proceeds of sale as aforesaid.
A judgment was entered in the Saratoga County Clerk’s office December 30, 1960, which:
a. Awarded costs and disbursements to plaintiff against all defendants at the sum of $308.27;
*919 b. Dismissed the counterclaim of all defendants, without costs;
c. Directed a sale of said premises at public auction under the direction of Stanley L. Van Rensselaer, Esq., as Referee, in the usual manner of foreclosure sale with reference to disposition of proceeds;
d. Ordered that should there be a deficiency after application of proceeds of sale as aforesaid, plaintiff have judgment and execution therefor.
All defendants appealed from said order and judgment to the Appellate Division of the Third Department, by notice of appeal filed in the Saratoga County Clerk’s office January 10, 1960.
Defendants served a notice of motion returnable before Hon. Richard J. Shermah at his chambers January 21, 1961, for an order staying the execution of the aforesaid order and judgment pending the disposition of their appeals on the attorney for the plaintiff January 13, 1961. Said motion was adjourned by consent of attorneys to February 3, 1961.
An order to show cause returnable before Hon. Richard J. Shermah at his chambers February 3, 1961, why the aforementioned order should not be resettled by deleting any portions thereof which affect the disposition of the action as to defendants Walter Swidunovich and Pauline Swidunovich and by deleting any portions thereof which have to do with establishing and/or foreclosing of any lien and granting to all defendants such further or other relief as to this court may seem just and proper was obtained on behalf of defendants January 30,1961, and was that day entered in the Saratoga County Clerk’s office and served on counsel for plaintiff.
On February 3, 1961, at chambers of the Saratoga County Judge, oral argument of the attorneys for all parties was. heard regarding the order to show cause. Decision was reserved in order that briefs on the question could be submitted to the court.
At the same time and place a motion was then made on behalf of defendants Walter Swidunovich and Pauline Swidunovich to dismiss the complaint of plaintiff in the action upon failure of plaintiff to prove a cause of action against defendants; to set aside the decision as contrary to the law and the evidence and for a new trial. Similar motions were made on behalf of defendant Olga Kracko. Decision was reserved on these motions.
It is our understanding that the court wishes to dispose of the motions directed to the order and judgment before considering argument on the motion for a stay of execution of said judg *920 ment pending appeal and for that reason this memorandum is directed to the former motions only.
• At no time during this long and difficult trial was any motion made by the defendants or either of them to dismiss the complaint of plaintiff upon failure of plaintiff to prove a cause of action against the defendants by stating specifically that Walter Swidunovich and Pauline Swidunovich were not personally liable. Defendants Swidunovich were present at all times and participated by affirmation in the contract, the new agreement drawn by Mr. Charles L. Hoey, as well as the work upon the property, as borne out by the testimony of the plaintiff, the defendant Olga Kracko and the defendant Walter Swidunovich. Constantly the testimony refers to “ we ” to include the defendants Swidunovich, mother and father of the defendant, Kracko.
The alleged repairs for electrical work were billed to the defendant, Walter Swidunovich, as shown by defendants’ witnesses, William J. Van Dyke and Charles 0. Boyce.
Walter Swidunovich on direct examination stated he was the owner and that he was present and discussed the terms and conditions of the contract, and that he started negotiations. ‘ ‘ This court has repeatedly held that a motion for a non-suit or to dismiss the complaint to be effectual must specify the defects supposed to exist.” (Quinlan v. Welch, 141 N. Y. 158, 165; Binsse v. Wood, 37 N. Y. 526, 532; Thayer v. Marsh, 75 N. Y. 340; Sterrett v. Third Nat. Bank of Buffalo, 122 N. Y, 659.)
That portion of the motion by the defendants to vacate or set aside the judgment as to any of the defendants is denied.
However, it appears to be clear that portions of the judgment as to foreclosure and sale were in error and that this court has the right to correct the judgment by amendment. The judgment is hereby modified so that it is solely an ordinary money judgment against the defendants in the sum of $2,050. The motion by the defendants in all other respects is denied. The stay is continued provided defendants give proper security.