## CUSACK v. AIKMAN.

(Supreme Court, Appellate Division, Second Department.   April 29, 1904.)

1. BROKERS—COMMISSIONS—FAILURE OF SALE.

> Where a broker, duly employed, procured a purchaser ready and willing to buy the property, but the sale was not consummated by reason of a defect in the vendor's title, though the purchaser agreed to take the property as soon as the defect was cured, the broker was entitled to his commissions.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by John H. Cusack against Walter M. Aikman.   From a Municipal Court judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Clarence B. Campbell, for appellant.

Edo E. Mercelis, for respondent.

JENKS, J.   The action is for brokerage in procuring a purchaser for the defendant's real estate.   The evidence establishes the employment of the plaintiff by the defendant.   The plaintiff procured a proposed purchaser, who examined the premises under the guidance of the defendant, and thereafter the purchaser and the defendant agreed upon a sale.   The purchaser attended at the time and place named to execute the contract, but the defendant defaulted.   His explanation is that he ascertained that his stable encroached four inches upon adjacent vacant land, and that therefore he could not sign the proposed contract. He testifies that he informed the broker of the defect before the day appointed for the execution of the contract, but after he had agreed upon the sale.   The broker testifies that he first learned of the defect on the day set for the closing of the contract.   The purchaser testifies that she was first informed of the defect after she had attended to execute the contract, that she then for the first time so refused for the reason that the defendant could not give a clear title, but that she at the time of such refusal offered to execute the contract if the defect was cured.   If the sale fell through from a defect in the title of the vendor, nevertheless the broker, under the circumstances, may recover because he has performed his contract with his principal.   Gilder v. Davis, 137 N. Y. 506, 33 N. E. 599, 20 L. R. A. 398.

The judgment should be reversed, and a new trial ordered; costs to abide the event.   All concur.