(58 Misc. Rep. 22.)

SCOTT v. NEUBERGER.

(City Court of New York, Trial Term.   February, 1908.)

BROKERS—RIGHT TO COMMISSIONS.

Where a purchaser was found for certain real estate by a broker employed for that purpose, who was able and willing to purchase on the terms of the owner, the broker is entitled to his commissions where the sale fell through because the title was an unmarketable one.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, § 92.]

Action by Theodore Scott against Aaron Neuberger.   Verdict for defendant.   Motion to set aside verdict granted.

Katz & Sommerich, for plaintiff.

Quackenbush & Evans, for defendant.

DELEHANTY, J.   Upon an examination of the authorities submitted I am convinced that when plaintiff herein rested his case the proof required a submission of the defense, and that error was committed in granting the defendant's motion for a dismissal of the complaint.   That proof, in my judgment, showed that plaintiff had brought the minds of the buyer and seller to an agreement for a sale of the premises in question on the price and terms proposed by the seller, his employer, and the only reason why such sale was not effected was due to the fault of the seller in failing to reveal to either plaintiff or purchaser, until they had met for the purpose of drawing the contract of sale, that the title to said property was an unmarketable one.   In Sibbald v. Bethlehem Iron Co., 83 N. Y. 378, 384, 38 Am. Rep. 441, an authority which has never been impaired or limited, it is held that under such circumstances the broker does not lose his commissions.   To the same effect is Cusack v. Aikman, 93 App. Div. 579, 87 N. Y. Supp. 940.

The case of Haase v. Schneider, 112 App. Div. 336, 98 N. Y. Supp. 587, is distinguishable from that at bar.   There the minds of the parties never met, and the sale failed of consummation by reason of a lack of agreement as to the time when the transaction should be closed. Here the minds of the parties did meet on all the terms imposed by the seller, and it remained then only for him to contract to convey a perfect title, which he was unable to do by reason of unrevealed encroachments thereon of a very serious nature.   The motion to set aside the dismissal is therefore granted, and, as plaintiff is entitled to the same as a matter of right, without costs.   The terms of the order hereon may be settled on notice.

Motion granted, without costs.