WILLNER v. SEALE.

(Supreme Court, Appellate Division, Second Department. June 29, 1908.)

1. BROKERS—RIGHT TO COMMISSIONS—CONTRACT.

Where a real estate broker was employed, and brought a party who was willing to and did contract on the basis proposed by defendant for an exchange of property, he was entitled to commissions, notwithstanding a contract to which such broker was not a party, reciting that he and another were the persons who brought about the exchange and were entitled to commissions, followed by a provision that commissions were only to be paid on transfer of title.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 75–81.]

2. SAME—ACTING FOR BOTH PARTIES.

That real estate brokers acted for both parties was not fatal to the right of one to recover commissions, where both the contracting parties knew the relations of the brokers to the matter, and the contract provided that both parties should pay commissions.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, § 49.]

Appeal from Municipal Court of New York.

Action by Morris A. Willner against Hubert O. Seale. From a Municipal Court judgment for plaintiff, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Thomas C. Hughes, for appellant.

Cook & Benjamin, for respondent.

WOODWARD, J. The plaintiff brings this action to recover his commission as a broker in bringing about an exchange of real estate. In the contract between the defendant and the party brought by the plaintiff, it is recited that:

"It is understood that Louis Cowan and Morris A. Willner are the brokers who brought about the exchange of this property, and they are entitled to commissions as follows."

Then follow the terms on which the contracting parties admit that the commissions are to be paid; but it is not shown that the plaintiff was any party to this agreement that the commission should only be paid on the transfer of title. The evidence is sufficient to show that the plaintiff was employed, and that he did bring a party who was willing to and did contract on the basis proposed by the defendant; and we are of opinion that there is nothing in the evidence to show that he was not entitled to his commission. The fact that the plaintiff, with Louis Cowan, appears to have acted for both parties, is not fatal under the circumstances here disclosed; for it appears that both parties to the contract knew the relations of the brokers to the matter. The contract specially provided that the defendant was to pay $140 commission, and the other party to the contract was to pay $175, and the evidence shows that it was all understood.

The judgment appealed from should be affirmed, with costs. All concur.