(76 Misc. Rep. 185.)

### TYLER v. SEILER et al.

(Supreme Court, Appellate Term, Second Department. March, 1912.)

BROKERS (§ 60*)—RIGHT TO COMMISSION—EVIDENCE.

A broker who procured a party willing and able to purchase on prescribed terms, where subsequently the property was condemned for an amount in excess of that for which the broker was authorized to sell it, is entitled to his agreed commission.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 91; Dec. Dig. § 60.*]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Frank H. Tyler against John Jacob Seiler and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued March term, 1912, before GARRETSON, STAPLETON, and KAPPER, JJ.

Bacher & Klein, for appellants.
Latson, Tamblyn & Pickard, for respondent.

STAPLETON, J. The plaintiff is a real estate broker and has brought this action to recover the commission which he alleged was earned by him by finding a party able and willing to buy the property of the defendants.

The plaintiff entered into the following contract with the defendants:

"June 11, 1907.

"Mr. Frank H. Tyler, 1183 Fulton St., Bklyn, N. Y.—Dear Sir: If you succeed in making a sale to the city of New York of the premises, 29 Whipple street, for the sum of $9,000, nine thousand dollars, we agree to pay you for your commission on said sale $500, five hundred dollars, to be paid at the time the purchase price is paid to me by the city of New York.
"Yours truly,                    John J. Seiler,
                                 "Ferdinand Grassman, Ex'r."

The following concession appears in the record:

"It is conceded that subsequently to the execution of the paper, 'Plaintiff's Exhibit No. 1' (that is, the foregoing contract), and in pursuance of the authority vested in Mr. Tyler by that instrument, Mr. Tyler presented this property to the city of New York for sale at the price of $9,000, and thereafter the city of New York adopted a resolution to purchase that property at $9,000."

The record contains the further concession:

"It is conceded that the city acquired title to the property by condemnation proceedings for $9,500."

Apart from these concessions, the record is meager. There is, however, evidence that one of the defendants stated to the plaintiff that the city would not take title because of a condition of the will; that he had been advised by the city that the defendants could not give

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

title under the will. The plaintiff and the defendant Grassman were the only witnesses produced.

At the close of the trial the court said:

"Gentlemen, it seems to me that the case rests simply on the questions of law involved, as the facts are not disputed."

The learned counsel for the defendants replied:

"I am satisfied to leave the case in your honor's hands to decide the questions of law."

Both sides thereupon moved for judgment.

The court is of the opinion that it was proven that the plaintiff was employed by the defendants; that the plaintiff found a party able and willing to purchase the premises, 29 Whipple street, for $9,000, and procured that party to make the purchase; that it is fairly inferable that the sole purpose of the condemnation proceedings was to clear a defect in the title; that the property was acquired by the city for a sum in excess of the amount stipulated; and that the defendants received the purchase money.

Whether the plaintiff earned his commission depends alone upon whether the minds of the parties met upon an agreement for the sale and whether the broker had been the procuring cause. Tanenbaum v. Boehm, 202 N. Y. 293, 299, 95 N. E. 708; Davidson v. Stocky, 202 N. Y. 423, 424, 95 N. E. 753; Smith v. Peyrot, 201 N. Y. 214, 94 N. E. 662.

If from a defect in the title of the vendor a sale falls through, nevertheless the broker is entitled to his commission for the simple reason that he has performed his contract. The contract between the parties must be fairly and justly construed. Gilder v. Davis, 137 N. Y. 504, 506, 33 N. E. 599, 20 L. R. A. 398. See, also, Cusack v. Aikman, 93 App. Div. 579, 87 N. Y. Supp. 940.

In Smith v. Peyrot, supra, it was held:

"It is a familiar principle that one cannot avail himself of the failure to observe a condition precedent who has himself occasioned its nonperformance."

The city of New York, through its board of estimate and apportionment, is authorized to agree as to the purchase price of lands selected for public use. Greater N. Y. Charter, §§ 1435, 1436, 1436b (Laws 1901, c. 466). Under section 1436b it is provided:

"If no such agreement is reached, or if any such agreement does not include the whole of the lands and interest therein, the said board shall direct the corporation counsel to institute proceedings for the condemnation of said lands and interest therein or such part thereof in respect to which no agreement has been reached as aforesaid, and thereupon it shall be the duty of the corporation counsel to conduct proper proceedings thereunto in the manner provided in this chapter."

It is not to be presumed that public officers, charged with the duty of acquiring land, would resort to condemnation proceedings, imposing a greater cost upon the municipality, were that course not made necessary for some good public reason.

Following the general rule, the plaintiff, having brought to his em-

ployer a responsible purchaser, willing to purchase upon the terms prescribed, has earned his commissions and is entitled to recover.

Judgment affirmed, with costs.

GARRETSON and KAPPER, JJ., concur.