(173 App. Div. 359)

GILBERT v. CITY OF NEW YORK (two cases).

ECKENBERG v. SAME.

(Supreme Court, Appellate Division, Second Department.   June 9, 1916.)

1. MUNICIPAL CORPORATIONS ⬯741(1)—ACTIONS—CONDITIONS PRECEDENT—NOTICE.

Under Laws 1886, c. 572, providing that no action shall be maintained against the city (of over 50,000) for personal injuries due to alleged negligence of the city or its officers or agents, unless within six months notice of intention to sue and particulars of the damage filed with the corporation counsel, such notice is a condition precedent to suit, and it must be pleaded, and proven if denied.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1562; Dec. Dig. ⬯741(1).]

2. MUNICIPAL CORPORATIONS ⬯741(2)—ACTIONS—CONDITIONS PRECEDENT—NOTICE.

Such requirement is not fulfilled by an allegation and proof of filing of claim with the comptroller under Greater New York Charter, § 261, which does not require the notice to contain statement of intention to sue.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1562; Dec. Dig. ⬯741(2).]

3. PLEADING ⬯408—WAIVER—FAILURE TO DEMUR.

Where complaint alleged only notice filed as required by Greater New York Charter, § 261 (Laws 1901, c. 466), with the comptroller, and it was necessary to show the notice required by Laws 1886, c. 572, to the corporation counsel, containing statement of intention to sue, it was not necessary for defendant city to raise the point by demurrer; the notice being a prerequisite to suit.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1362, 1366; Dec. Dig. ⬯408.]

4. APPEAL AND ERROR ⬯241—SCOPE OF REVIEW—PRESERVATION OF EXCEPTIONS.

Where motions for nonsuit merely alleged generally that plaintiffs had failed to prove a cause of action against defendant, they were insufficient to present for review the specific defect of failure of proof of notice required ʹby statute, since plaintiffs might have been allowed to amend and cure the defect.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1413–1416; Dec. Dig. ⬯241.]

5. MUNICIPAL CORPORATIONS ⬯819(1)—STREETS—OBSTRUCTIONS—PERSONAL INJURIES—ACTIONS—EVIDENCE.

Verdicts for plaintiffs, injured by being thrown from an automobile which struck a sand pile on which they claimed there was no light, *held* against the weight of evidence that there was a light.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1739; Dec. Dig. ⬯819(1).]

Thomas, J., dissenting.

Appeal from Trial Term, Queens County.

Three actions tried as one, by Helen A. Gilbert and two others against the City of New York.  From the judgments for plaintiff in each case and orders denying new trials, defendant appeals.  Reversed, and new trials granted.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLE-TON, and MILLS, JJ.

John F. O'Brien, of New York City (Terence Farley and Edward S. Malone, both of New York City, on the brief), for appellant.

Frederick L. Gilbert, of Cedarhurst (Eugene N. L. Young, of Long Island City, on the brief), for respondents.

CARR, J. [1-3] These three cases were tried as one and come before this court on appeal on one record. In each case, the plaintiff recovered a verdict, and, from the several judgments and several orders denying the defendant's motions for a new trial, the defendant appeals. Two actions were brought to recover damages for personal injuries alleged to have been sustained by the several plaintiffs through the negligence of the defendant, and that of Frederick L. Gilbert was based upon the medical expenses and loss of consortium arising from the injuries to his wife, the plaintiff Helen A. Gilbert. At the close of the plaintiffs' case, and again at the close of the whole case, the defendant's counsel moved for a dismissal of the complaints upon the ground that:

"The plaintiffs have failed to prove facts sufficient to constitute a cause of action against the city and to prove that the city has omitted to perform any duty which it legally owed to the plaintiffs, failed to prove that the city was guilty of negligence, or that they themselves were free of contributory negligence."

These motions were denied and exceptions were taken. One of the grounds urged for reversal upon this appeal is that there was neither pleading nor proof that any of these plaintiffs had pleaded or proved compliance with the provisions of chapter 572 of the Laws of 1886, which provides that no action shall be maintained against a city having 50,000 inhabitants or over to recover damages for personal injuries alleged to have been sustained through the negligence of the city or its officers or agents, "unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless notice of the intention to commence such action and of the time and place at which the injuries were received shall have been filed with the counsel to the corporation or other proper law officer thereof within six months after such cause of action shall have accrued." The filing of such notice has been construed to be a condition precedent to the maintenance of action, and must be pleaded, and proved if denied. Merz v. City of Brooklyn (City Ct. Brook.), 11 N. Y. Supp. 778, affirmed 128 N. Y. 617, 28 N. E. 253; Reining v. City of Buffalo, 102 N. Y. 308, 6 N. E. 792; Curry v. City of Buffalo, 135 N. Y. 366, 32 N. E. 80; Winter v. City of Niagara Falls, 190 N. Y. 198, 82 N. E. 1101, 123 Am. St. Rep. 540, 13 Ann. Cas. 486. There was no proof that a notice of this character had been filed with the corporation counsel of the city of New York by any of the three plaintiffs-respondents. All of them contend, however, that there was no necessity of proof, as no proper issue was raised by the pleadings as to this question. In two of the respective complaints, there is an allegation marked, in each, "III," which reads as follows:

"That prior to the commencement of this action, and on or about the 24th day of July, 1913, the plaintiff presented a claim for the injuries received by her, as hereinafter mentioned, to the comptroller and the corporation

counsel of the said city of New York; that more than 30 days have elapsed since said claim was presented; and that no action has been taken by them or either of them to settle this claim."

In the complaint of the plaintiff Frederick L. Gilbert, the allegation is similar in form and likewise marked "III." In each answer of the defendant there is a paragraph marked "Second," in language as follows:

"That it denies any knowledge or information sufficient to form a belief as to the truth of each and every of the matters, statements, and things alleged in the paragraph of the complaint numbered 'III,' except that it admits that a paper writing purporting to be a claim herein was served upon the comptroller and corporation counsel of the defendant city of New York, and that said claim has not been paid."

Assuming, for the moment, that this form of denial is not sufficient to put in issue the allegations "III" of the complaints, and that they stand admitted, as not being denied, the question of the sufficiency of these allegations arises sharply. A notice filed with the corporation counsel under the act of 1886, and a claim filed with the comptroller under section 261 of the Greater New York Charter, are not one and the same thing. A paper sufficient in law to constitute a compliance with section 261 of the charter need not necessarily comply with the act of 1886. The purposes of the respective statutes are distinct. There is no statutory requirement that a claim filed with the comptroller must contain notice of an intention to sue upon it, but the notice filed with the corporation counsel must contain such statement. The answer does not admit the filing of a notice under the act of 1886, and the complaint, construed most liberally, did not so allege. It was not necessary for the defendant to raise this point by demurrer. Casey v. City of New York, 217 N. Y. 192, 111 N. E. 764.

[4] It is contended, however, by the respondents, that, as the motions made at the trial to dismiss the complaints did not specify the ground of objection above discussed, the point should not be considered by this court on appeal. The motions to dismiss were general, i. e., failure to prove a cause of action against the defendant. It was declared in Gerding v. Haskin, 141 N. Y. 514, 36 N. E. 601, as follows:

"It is undoubtedly the general rule that a motion for a nonsuit is ineffectual unless the grounds upon which it is based are specified. The defect in the plaintiff's case should be pointed out, so that he may supply it, if he can. Booth v. Bunce, 31 N. Y. 246; Binsse v. Wood, 37 N. Y. 526; Thayer v. Marsh, 75 N. Y. 340; Sterrett v. Third Nat. Bank of Buffalo, 122 N. Y. 659 [25 N. E. 913]; Quinlan v. Welsh, 141 N. Y. 158 [36 N. E. 12]. So much is required by good faith and fair practice, and so much is due to the orderly administration of justice. But where no grounds are specified for a nonsuit, the motion is sufficient if it be apparent that the objection made to the plaintiff's recovery could not have been obviated if it had been particularly specified."

But in Thayer v. Marsh, 75 N. Y. 340, 343, where a similar general motion for a nonsuit was under consideration, it was said:

"There was no specification of any ground upon which the motion was made, and no suggestion of the point wherein the plaintiff's case was defective. It is claimed that, not only was there no proof of Pulver's liability made on the trial, but that this fact was not averred in the complaint.

It is obvious, however, assuming that the complaint was defective in the respect stated, it was within the power of the court to have allowed an amendment; and as such an amendment would, under the circumstances, have been in furtherance of justice, it is probable that, if the objection had been specified, the plaintiff would have been permitted to amend his pleading and to prove, if he was able, the fact of Pulver's liability."

It appeared on the cross-examination of the various plaintiffs that each of them had been examined in the office of the corporation counsel as to the "claim" filed by each of them. It would not have been beyond the power of the trial court to have allowed an appropriate amendment to the respective complaints to show that the claim so filed conformed to the requirements of the statute of 1886. Hence, as I think, the failure to specify the defect in the motion for a nonsuit prevents this court from considering it on appeal for the purpose of reversing the judgments. This case, at bar, does not fall directly under the ruling in Casey v. City of New York, ut supra, for in that case the motion for a nonsuit specified the very grounds upon which the Court of Appeals finally dismissed the complaint.

[5] The accident upon which the plaintiffs base their claim of the defendant's liability happened upon a public highway of the city of New York in the borough of Queens, on the evening of April 24, 1913, about 8:20 p. m. The plaintiffs Helen Gilbert and Agnes Eckenberg were passengers on the back seat of a motor car which was operated by a Mrs. Hutchinson, whose guests they were. The highway was in the locality of Far Rockaway and was known as Broadway, and was at the time much traveled. Mrs. Hutchinson drove the vehicle into a small pile of sand and other material which stood in the highway near the curb line in front of the premises of one Finger. The jar of the collision threw the plaintiffs, Mrs. Gilbert and Mrs. Eckenberg, out of the car into the roadway, and they suffered considerable injuries. The verdicts for damages are not attacked on these appeals as excessive. The pile of sand and other materials had been standing on the highway for several days. They were not put there by the defendant, but were placed there, under a municipal permit, for the purpose of some work that was being done in the improvement of the premises of an abutting property owner. The ground of the defendant's liability is based upon the claim of the plaintiffs that on the night in question there was no light placed upon the obstruction to warn vehicles of its presence.

The trial court submitted the question of the absence of light upon the obstruction as the crucial question in the case. It was claimed by the plaintiffs that there was no light burning on the obstruction at the very time of the accident, as appears from the testimony of some of the plaintiffs themselves. They gave evidence further, through the testimony of a witness residing near by, a Mrs. Steinberg, that there was no light on the obstruction that night at any time before the accident. The defendant gave proof through a policeman, Brennan, that about 7:20 p. m. there was a lighted lantern upon the obstruction and that he then turned up the wick a little

higher. One of the plaintiffs' witnesses, a lad named Eagle, who was playing near by at the time of the accident, testified that there was a lantern on the pile of sand that the automobile ran over, and that he heard the automobile hit the lantern when it went over the pile. Another of the plaintiffs' witnesses testified that pieces of a broken lantern were found in the roadway near the obstruction shortly after the accident. That there was a lantern on the obstruction seems established, but whether it was lit at all that night depended upon the testimony of Mrs. Steinberg, the plaintiffs' witness, and of Policeman Brennan, the defendant's witness. Under the specific instruction of the trial court, the jury, if it accepted the testimony of Brennan, should have found a verdict for the defendant. His testimony was specific as to the presence of the lantern and of its being lit. As to the presence of the lantern, it was corroborated by the testimony of several of the plaintiffs' witnesses. As to its being lit at the time Brennan turned up the wick, the only controversy is that arising from the testimony of Mrs. Steinberg, which, in my opinion, was of very slight probative weight under the circumstances of the whole case. I think the verdicts were against the clear weight of evidence.

I recommend that the judgment and order in each case be reversed, and new trials granted; costs to abide the event. All concur, except THOMAS, J., who dissents.