ABE ROSENBLUM, Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ., concur.

JOHN SCHILLING, Appellant, v. W. J. CARROLL, Respondent.— Judgment of the County Court of Kings county reversed and new trial ordered, with costs to appellant to abide the event, upon the ground that it was at least a question for the jury whether defendant was negligent in backing his automobile so as to run into the plaintiff standing at the rear of the other automobile, adjusting its rear lamp, or just having completed that act. Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ., concur.

ANTHONY P. SMITH, Appellant, v. GLEASON-TIEBOUT GLASS COMPANY, Respondent.— Order setting aside verdict and granting new trial unanimously affirmed, with costs. The learned trial judge who saw and heard the witnesses says in his memorandum filed that he is of opinion that the jury " either failed to give fair consideration to defendant's testimony or were influenced by some improper motive in arriving at their verdict," and that " To deny this motion would be to put a premium on crime. It would be a palpable miscarriage of justice to permit this verdict to stand." Entertaining these views it was his duty to set aside the verdict and grant a new trial, and there is nothing in the record before us to justify a reversal of his order. Present — Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ.

SUNRISE STORAGE AND WAREHOUSE CORPORATION, Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Rich, Putnam, Blackmar and Jaycox, JJ.

BARNET TEITZ, Appellant, v. TRIXIE FRIGANZA GOETTLER, etc., Respondent.— Judgment unanimously affirmed, with costs. We think the plaintiff failed to prove any valid contract or note or memorandum thereof in writing, subscribed by the defendant or her lawfully authorized agent. The evidence fails to show any authority to the real estate agent to sign a contract for the sale of the property in defendant's behalf. The letter and telegrams of defendant all indicate her intention that her sister was to represent her upon any actual sale made. (*Stone* v. *U. S. Title Guaranty & Indemnity Co.*, 159 App. Div. 679; affd., 217 N. Y. 656; *Hottenroth* v. *Hastorf*, 191 App. Div. 897; *Coleman* v. *Garrigues*, 18 Barb. 60; *Weatherhead* v. *Ettinger*, 78 Ohio St. 104, 17 L. R. A. [N. S.] 210.) We are also of opinion that the alleged contract is unilateral, and cannot be enforced in equity. (*Levin* v. *Dietz*, 194 N. Y. 376; *Wadick* v. *Mace*, 191 id. 1.) Present — Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ.