CHASE NATIONAL BANK, Plaintiff, *v.* " FRANK " H. ROSENBAUM, the Name " Frank " Being Fictitious, Defendant's First Name Being Unknown to Plaintiff, and Others, Defendants.

City Court of New York, Bronx County, December 23, 1931.

*C. Ira Funston,* for the plaintiff.

*Samuel Newfield,* for the defendants.

DONNELLY, J. The two notes in suit were made by the defendants F. H. Rosenbaum and J. Maurer, to the order of Steinberg, Gold & Goldberg, who, before maturity, indorsed the notes to plaintiff, who discounted them. It is conceded that value passed for the notes. When the notes were presented to plaintiff for discount, they bore the indorsements in the following order: On note 1, M. J. Maurer & Bros., Inc., Benjamin Maurer, Pres.; Steinberg, Gold & Goldberg; Herman J. Steinberg; Morris Goldberg. On note 2, M. J. Maurer & Bros., Inc., Benjamin Maurer, Pres.; Steinberg, Gold & Goldberg; Herman J. Steinberg; Harry Gold. The defendant M. J. Maurer & Bros., Inc., indorsed the notes at the request of the payees to give credit to one of the makers, J. Maurer, in his purchase of certain merchandise from Steinberg, Gold & Goldberg. Of this accommodation, plaintiff had no notice.

In *Jacobus* v. *Jamestown Mantel Co.* (211 N. Y. 154, 160) the court said: " A manufacturing corporation has no power to make or indorse notes for the accommodation of others [citing cases]. One who deals with the officers or agents of a corporation is bound to know their powers and the extent of their authority (*Alexander* v. *Cauldwell,* 83 N. Y. 480). Notwithstanding the general rule stated, a corporation is bound, if it makes or indorses commercial paper for the accommodation of another in respect to a *bona fide* holder who discounts it before maturity on the faith of its being business paper (*Mechanics' Banking Association* v. *N. Y. & S. White Lead Co.,* 35 N. Y. 505)." In the *Jacobus* case the court held that no presumption existed that the defendant's treasurer had power to make or indorse business paper. As treasurer of a manufacturing corporation, he had no power to make promissory notes in its name, unless such power were given to such officer by the by-laws of the corporation or by resolution of its board of directors (p. 161). A different situation exists, so far as the president of a manufacturing corporation is concerned. The treasurer or secretary of such a corporation, so far as his authority to bind it by indorsing commercial paper for accommodation is concerned, is vested only with restricted power. A president of a manufacturing corporation is possessed of general executive and administrative functions, and as such he may bind the corporation in matters apparently within the scope of his duties. (*Westchester Mortgage Co.* v. *McIntire,* 174 App. Div. 446; *Lyon* v. *West Side Transfer Co.,* 132 id. 777.) In *Bacon* v. *Montauk Brewing Co.* (130 App. Div. 737, 743) it was held that a third party, taking negotiable

paper made by a corporation, may assume that the officers had authority to execute it, and is not bound by any limitation placed upon the powers of the officers not brought to his knowledge. The court said: " The trend of modern decisions with respect to the authority of the officers of business corporations when the interests of third parties dealing with the corporation come in question has been to extend rather than to restrict their powers, and the former strict rule announced in *Bangs* v. *National Macaroni Co.* (15 App. Div. 522, and cases cited) has not been adhered to." If, at the time plaintiff discounted the note, the character of the indorsement was known to him, it is a good defense on behalf of a prior indorser that it is a domestic corporation and indorsed the note for the accommodation of the maker. (*Rosenberg* v. *Bekenstein*, 211 App. Div. 791.) In the instant case no attempt was made by defendants to show that at the time it discounted the notes, plaintiff had any knowledge of the transaction between the payees therein named and Benjamin Maurer. There is nothing about the order in which the indorsements appear on the notes to suggest anything else than that the instruments were the ordinary business paper. For all that appears upon the face and back of the notes, they were given in a transaction from which the corporate defendant itself derived a benefit. There was no evidence that plaintiff knew that one of the makers, J. Maurer, was not a member of the corporation, which, if shown, might permit the inference that plaintiff knew or should have known that the corporate indorsement was merely for accommodation. Possessed of such knowledge, plaintiff would be bound to establish Benjamin Maurer's authority as president of M. J. Maurer & Bros., Inc., to bind it.

There is no merit in defendants' contention that the notarial certificates were improperly received in evidence upon the ground, as defendants now claim, that they do not strictly and literally comply with the provisions of section 368 of the Civil Practice Act. At the time these exhibits were offered, defendants' counsel objected to their admission " upon the ground that they are incompetent, irrelevant and immaterial, and should be proved in the usual manner," thus indicating the nature of the objection to be that common-law proof only of the facts recited in the certificates would be competent. Later, and at the close of plaintiff's case, when defendants' counsel moved to dismiss, upon the ground that no *prima facie* case had been established, he was asked by the court: " In what respect do you contend no *prima facie* case has been established? " To this query he replied that corporate authority had not been proved. At no stage of the trial did defendants' counsel specifically direct the court's attention to the objection

now raised for the first time, to the admission of the notarial certificates. There is ample authority for the propositions: (1) A motion for a nonsuit is ineffectual unless the grounds upon which it is based are specified: and (2) the defect in plaintiff's case should be pointed out so that he may obviate it if he can. (*Gilbert* v. *City of New York*, 173 App. Div. 359, 362; *Boynton Furnace Co.* v. *Trohn*, 141 id. 773.) The certificates set forth, among other things, that notices of demand and refusal of payment were properly mailed to the makers and indorsers " at their respective addresses, being the reputed places of residence." It is true that in neither certificate are the street and number of the addresses given. Despite the testimony of Benjamin Maurer and Nathan Maurer, president and secretary, respectively, of the corporate defendant, that neither of them nor the corporation received the notices, the weight of the credible evidence establishes the contrary to be the fact. Plaintiff's second vice-president, whose directness and candor were in striking contrast to the demeanor and attitude of defendants' witnesses, narrating a conversation he had had with Benjamin Maurer a day or two after the notes went to protest, testified: " I told him that since the maker of the notes had not paid them and since one of the makers was his own brother and since the corporation had indorsed the paper, that is, the corporation of M. J. Maurer & Bros., Inc., had indorsed the paper, we would look to the corporation for payment. * * * He said he was interested in having the notes paid."

Judgment for plaintiff against the defendants " Frank " H. Rosenbaum, " Joseph " Maurer and M. J. Maurer & Bros, Inc., for $1,690.90, with interest thereon from April 20, 1931, with costs. Ten days' stay of execution and thirty days to make and serve case allowed.