PETER HABIB, Doing Business under the Name of HABIB REALTY Co., Plaintiff, v. ANTHONY CAPUTO, Defendant.

Municipal Court of New York, Borough of Queens, Second District, May 19, 1938.

*Rudolph Trier*, for the plaintiff.

*Saul C. Kaufman*, for the defendant.

PETTE, J.   Plaintiff brings this action to recover commissions in the sum of $315, claimed to have been earned by him as real estate broker in negotiating a sale of real property.

Exhibit A, attached to the papers in this motion for summary judgment, consists of an agreement signed by one Henry Starck and the defendant, agreeing upon all the terms of the proposed sale, to wit, $100 down, $900 on signing of contract, $2,300 on delivery of deed, subject to an existing first mortgage of $3,000. The parties agreed to enter into a formal contract for purchase of the property several days later.

It is the contention of the defendant that the minds of the parties never met; that there was never any completed contract, which was to culminate in a formal instrument to be drafted subsequently.

As the contract was made, it was enforcible, although the formal writing contemplated by the parties was never executed. The Court of Appeals, in the leading case of *Sanders* v. *Pottlitzer Bros. Fruit Co.* (144 N. Y. 209, 214), held: " A contract to make and execute a certain written agreement, the terms of which are mutually understood and agreed upon, is, in all respects, as valid and obligatory, where no statutory objection interposes, as the written contract itself would be, if executed. If, therefore, it should appear that the minds of the parties had met; that a proposition for a contract had been made by one party and accepted by the other; that the terms of this contract were in all respects definitely understood and agreed upon, and that a part of the mutual understanding was, that a written contract, embodying these terms, should be drawn and executed by the respective parties, this is an obligatory contract, which neither party is at liberty to refuse to perform."

It is well established that if only a part of the terms of a transaction are agreed upon and others are intended to be left for subsequent negotiation, there is no meeting of the minds. (*Brown* v. *New York Central R. R. Co.* 44 N. Y. 79; *Spielvogel* v. *Veit,* 197 App. Div. 804; 1 Williston on Contracts, § 28.)

It is also equally well settled that where all the terms are agreed upon, and nothing remains but the formal reduction of the agreement to writing, or to a more formal writing, the minds have met, even though the formal contract is never thereafter executed. (*Sanders* v. *Pottlitzer Bros. Fruit Co.,* 144 N. Y. 209; *Pelletreau* v. *Brennan,* 113 App. Div. 806.)

It has been stated that, in order to recover, the broker must show that he produced a customer " Not only willing but able to purchase," but it will be found that such language has been employed in cases where no enforcible contract was made (*Woolley* v. *Lowenstein,* 83 Hun, 155; *Duclos* v. *Cunningham,* 102 N. Y. 678), or where the broker, as a part of his employment, assumes to execute for his principal an executory contract of sale or exchange, or where the contract is provisional only. (*McGavock* v. *Woodlief,* 20 How. [U. S.] 221; *Inge* v. *McCreery,* 60 App. Div. 557.)

If we consider the question from the standpoint of what the broker engages to do, all difficulty is removed. Adopting the definition of Story on Agency ([9th ed.] § 28), quoted with approval by Judge FINCH in *Sibbald* v. *Bethlehem Iron Co.* (83 N. Y. 378, 381), " a broker * * * is an agent employed to make bargains." Where, therefore, there are no express stipulations in the contract of employment varying the general rule, his contract is performed when, with him as the procuring cause, a bargain has been made; in other words, when a purchaser has been produced, satisfactory

to his principal, and there has been a meeting of the minds of the parties to the contract of purchase and sale, so that an enforcible, binding contract is made. To the effect that the commissions are then due see *Mooney* v. *Elder* (56 N. Y. 238) and *Gilder* v. *Davis* (137 id. 504), although, in the latter case, the question was not necessarily involved, and Judge EARL uses the language that " when a broker, employed to negotiate a sale of real estate, brings to his employer a responsible purchaser willing to buy upon the terms prescribed he has earned his commissions," which is undoubtedly the rule where no enforcible contract is made, and the broker seeks to recover, notwithstanding a capricious refusal of his principal to make a contract.

It cannot be questioned that plaintiff procured the purchaser Starck, who signed the agreement marked Exhibit A and who was willing to purchase on the defendant's terms. This agreement is competent evidence in the case and conclusively shows that there was a meeting of the minds upon the terms of the sale. No item was left open for future negotiations.

Plaintiff having found a purchaser who was ready, willing and able to enter into, and who did enter into, a valid and enforcible agreement for the purchase of the property, became entitled to his commissions when it was executed. (*Kalley* v. *Baker*, 132 N. Y. 1; *Duclos* v. *Cunningham*, 102 id. 678; *Condict* v. *Cowdrey*, 139 id. 273.) The provisions of the agreement were seemingly satisfactory to the defendant and Starck. What more could the plaintiff do? He brought the purchaser to the defendant upon the latter's terms.

The instant case is clearly distinguished from the cases where the seller has a conditional brokerage agreement, employing the broker with words such as " when," " after " or " as soon as " title is closed commissions are to be paid. Promises to pay a broker's commission, for the procurement of the sale of real estate, is conditional when expressed to be performable " on the day of passing title." (*Amics* v. *Wesnofske*, 255 N. Y. 156; 2 Williston on Contracts, § 671.)

It is perfectly well settled and generally understood that the entire duty of a broker employed to sell or to assist in selling property is to search out a purchaser and to act as the intermediary to bring the seller and the purchaser together. In the absence of a special and well-defined authority it is no part of a broker's duty to actually make the sale in behalf of the owner. (*Malday Realty Co.* v. *Security Trust Co.*, 162 Misc. 436; *Stone* v. *United States Title Guar. & Ind. Co.*, 159 App. Div. 679, 683; affd., 217 N. Y. 656; *Friedman* v. *New York Telephone Co.*, 256 id. 392; *Teitz* v. *Goettler*, 191 App. Div. 924.)

Plaintiff's motion for summary judgment is hereby granted.