ISIAH CASH, Plaintiff, *v.* MORRIS DIAMOND, Defendant.

Municipal Court of the City of New York, Borough of Brooklyn,
September 22, 1955.

*Feit & Feit* for plaintiff.

*Paul Millman* for defendant.

FEIDEN, J. Plaintiff, a real estate broker, sues to recover brokerage commissions resulting from his having procured a purchaser for an apartment house owned by defendant.

A summary of the facts as found by the court will be helpful. A listing of the property involved was received by a broker named Roger M. Straughn, who turned it over to plaintiff. Plaintiff, with the help of his mother, a duly licensed real estate saleslady, made extensive efforts to find a buyer and finally succeeded in getting a Dr. Podos to buy at the price of $53,000, which is less than the amount originally asked by the defendant. Plaintiff was told by the seller to get in touch with the latter's attorney, who did not represent him on the trial. At this point his troubles began. He testified that this attorney gave him to understand that he wanted part of the commission; that he was certain that if he did not agree to give him part of the commission there would be no deal; that under the circumstances he and Straughn signed a letter, the purported effect of which was to give the defendant's attorney $1,000 of the total commission fixed at $2,300, the balance to be divided between plaintiff and Straughn. Defendant's attorney attempted to justify this arrangement by claiming that he was the exclusive broker. In this he was supported by testimony of the defendant. However, the court does not accept this evidence and finds that defendant's attorney was not the exclusive broker.

The parties met to draw the contract on February 19, 1952. A disagreement developed concerning certain furnishings. Plaintiff was asked to give up $250 or $300 of the remaining commission, in order to settle the dispute, to which he strenuously objected. When defendant's attorney insisted upon this further deduction he left the meeting. The contract was thereafter signed. Defendant's attorney was recognized as the broker. A condition of the contract was that the seller would deliver a certificate of occupancy. When, after the lapse of some time, the seller had not secured such certificate, the parties agreed that the deposit given by the buyer should be returned.

That plaintiff broker procured a buyer ready, willing and able to carry out the terms of the sale was established by the fact that the contract of sale was actually entered into between defendant and the buyer produced by plaintiff. When the buyer was accepted by the seller, even before the contract was signed, plaintiff had earned his commissions, since it is elementary that a broker is entitled to his commission when he produces a buyer ready, willing and able to buy. (*Lloyd* v. *Matthews*, 51 N. Y. 124; *Mooney* v. *Elder*, 56 N. Y. 238; *Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378; *Kalley* v. *Baker*, 132 N. Y. 1; *Gilder* v. *Davis*, 137 N. Y. 504; *Habib* v. *Caputo*, 168 Misc. 202; *Goldmann* v. *Goldmann Realty Corp.*, 227 App. Div. 28; *Coward* v. *McLaughlin*, 100 N. Y. S. 2d 444; Schwartz on Real Estate Brokerage & Employment Contracts, § 40, p. 157; § 42, p. 164.)

The fact that the seller ultimately accepted a lower price than originally asked is no defense to the claim of the broker. (*Martin* v. *Silliman*, 53 N. Y. 615; *Gilder* v. *Davis*, 137 N. Y. 504, *supra*; *Hunt* v. *Becker*, 173 App. Div. 9; *O'Toole* v. *Tucker*, 16 Misc. 485.)

Defendant introduced in evidence a letter wherein his attorney in his supposed capacity as broker agreed that he would be paid his commission " only if the purchaser Dr. Podos takes title." This letter is not binding on plaintiff. (*Willner* v. *Seale*, 127 App. Div. 180.) Even if such letter were binding on plaintiff, he would nevertheless be entitled to his commission. Where a transaction fails, because of the inability of the seller to convey good title, with a proper certificate of occupancy, the broker is entitled to his commission for the reason that when he, the broker, is employed, the seller impliedly warrants that he can make a proper conveyance, free and clear of any legal impediments to its use. (*Smith* v. *Peyrot*, 201 N. Y. 210; *Knapp* v. *Wallace*, 41 N. Y. 477; *Dorlon* v. *Forrest*, 101 App. Div. 32; *Cusack* v. *Aikman*, 93 App. Div. 579; *Weiner* v. *Infeld*, 116 Misc.

324; *Lederman* v. *Orecchiuto,* 160 N. Y. S. 852; *Magrill* v. *Langan,* 43 N. Y. S. 2d 210; *Coward* v. *McLaughlin,* 100 N. Y. S. 2d 444, *supra.*)

A motion to dismiss the complaint was made at the end of plaintiff's case on the ground that there was no privity of contract between plaintiff and the seller and on the general ground that plaintiff had not made out a prima facie case. At the end of the trial defendant moved to dismiss only on the general ground that plaintiff had failed to prove his case by a fair preponderance of the evidence.

The court finds that the letter wherein plaintiff purportedly gave up part of the commission to defendant's attorney may not avail the defendant, because the letter was executed for the benefit of the attorney. It was signed only because plaintiff feared there would be no deal if he refused. From the evidence it would appear that plaintiff's agreement to share the commission was conditioned on the receipt of at least the lesser amount and that when he was not paid even the lesser amount, the agreement became void.

The rights of the parties who signed the letter might have been disposed of in this litigation if they were brought into the action. Plaintiff and defendant, however, chose not to bring them in. If defendant's lawyer has any claim to part of the commission, he might conceivably assert such claim against plaintiff in an independent action, although on the record of this trial the court perceives no justification for any such claim. The evidence does not show that he aided in any way whatsoever in the meeting of the minds of the buyer and seller. The court finds that defendant not only acquiesced in the conduct of his attorney but even co-operated with him in his effort to secure part of the commission.

Though the property was owned by defendant Morris Diamond as well as his brother Alex Diamond, plaintiff brought the action only against Morris Diamond. Any question as to improper parties plaintiff or defendant was waived by failure of both parties to raise an objection either before or during the trial. (Rules Civ. Prac., § 102, subd. 2; Tripp on a Guide to Motion Practice [1953 Supp.], p. 47; *Carruthers* v. *Waite Mining Co.,* 306 N. Y. 136; *Kremer* v. *Kremer,* 221 App. Div. 747; *City of New York* v. *Draper,* 201 Misc. 957; *Jawitz* v. *Reitman,* 128 Misc. 20; *Russian Reinsurance Co.* v. *Stoddard,* 211 App. Div. 132; *Dickinson* v. *Tysen,* 125 App. Div. 735, 67 C. J. S., Parties, § 126, p. 1132.)

Those cases under subdivision 2 of section 33 of the Personal Property Law upholding written arrangements where a lesser commission is agreed to without consideration involve contracts between brokers and owners, and not, as in this case, a purported agreement between a broker and a third party who is claiming part of the commission. (*Kane Realty Co.* v. *National Children's Stores,* 169 Misc. 699; N. Y. Legis. Doc. 1936, No. 65 [D], p. 168; *Bonsera* v. *Kolleda,* 78 N. Y. S. 2d 879.) The agreement relied on by defendant was one to which he was not a party but a separate arrangement between his lawyer and plaintiff. It cannot be said that in making such an agreement defendant's lawyer was acting on behalf of the owner inasmuch as the agreement was for the lawyer's own benefit.

The defense that plaintiff was a volunteer and therefore not entitled to compensation is without merit. Defendant's attorney as a duly authorized agent gave the listing to many brokers. There were extensive negotiations with the owner. Certainly the broker's efforts were accepted by defendant when he was instructed to get in touch with the attorney. (*Hevia* v. *Wheelock,* 155 App. Div. 387; *Barrett* v. *Lang,* 243 App. Div. 35, 40, affd. 269 N. Y. 511; 12 C. J. S., Brokers, § 61, p. 139; Schwartz on Real Estate Brokerage & Employment Contracts, § 7, p. 31.)

In his summons plaintiff demands judgment for $2,600. In answer to a question by the court as to how he figured his commission he stated it was based on 5% of the sales price. He also said that the 5% was expressly arranged with the defendant's lawyer. This would amount to $2,675. In the contract of sale the defendant agreed " to pay the broker's commission — at the rates established or adopted by the Board of Real Estate Brokers in the locality where the property is situated." This is a recognition by the defendant of the commission he was obligated to pay, which the court adopts in the absence of other satisfactory proof of the amount of commission to which the broker is entitled. There is no proof in the record of the " rates established or adopted by the Board of Real Estate Brokers " in Brooklyn. However, owing to the fact that the rates adopted by the Brooklyn Real Estate Board are recognized in the borough of Brooklyn, city of New York, unless different rates are specifically provided for, the court takes judicial notice thereof, and accordingly finds that the commission computed at such rates would be 5% on the first $50,000, or $2,500 plus 2½% on $3,500 or $87.50 for a total of $2,587.50. (See *Ingalls* v. *Streeter,* 67 N. Y. S. 2d 351, 354.) This calculation is inde-

pendently confirmed by the testimony regarding the express agreement referred to above.

While the defendant might have moved to dismiss plaintiff's cause of action on the ground that the proof of the amount of his commission was insufficient, his failure to do so is a waiver of such right because had an appropriate motion been made, the failure of proof could easily have been corrected. (Schwartz on Real Estate Brokerage & Employment Contracts, § 81, p. 278; 4 Carmody on New York Practice, p. 3120; *Ramsay* v. *Miller*, 202 N. Y. 72; *Binsse* v. *Wood*, 37 N. Y. 526; *Booth* v. *Bunce*, 31 N. Y. 246, 251; *Gerding* v. *Haskin*, 141 N. Y. 514; *Thayer* v. *Marsh*, 75 N. Y. 340; *Sterrett* v. *Third Nat. Bank of Buffalo*, 122 N. Y. 659; *Quinlan* v. *Welch*, 141 N. Y. 158; *Gilbert* v. *City of New York*, 173 App. Div. 359, 362; *Boynton Furnace Co.* v. *Trohn*, 141 App. Div. 773; *Chase Nat. Bank* v. *Rosenbaum*, 142 Misc. 349.) The case was tried by the defendant solely on the theory that there was no privity of contract, no issue being made as to the amount of commission involved.

The court notes that defendant was not called as a witness on his own behalf although he was present in court. His evidence was limited to his testimony when he was called by the plaintiff as part of plaintiff's prima facie case and an examination of him before trial which was offered and received in evidence without objection.

On the law and the facts plaintiff is therefore entitled to judgment for $2,587.50 with interest from February 19, 1952, and costs.